IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MATTHEW D.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:18-cv-00315 |
| | ) | |
| ANDREW SAUL, Commissioner, Social | ) | By: Elizabeth K. Dillon |
| Security Administration,[2] | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Matthew D. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying Matthew's claim for social security income (SSI) under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motions to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On May 24, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 20.) Plaintiff filed a timely objection on June 13, 2019. (Pl.'s Obj., Dkt. No. 21.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Matthew's motion for summary judgment, and affirm the Commissioner's decision.

## I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–12.)

## II.  DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Matthew's Objections**

In his brief to the magistrate judge in support of his motion for summary judgment, Matthew argued that the ALJ erred in evaluating his medically determinable impairments and the opinion evidence. Matthew also argued that the ALJ's assessment of his mental impairments and subjective allegations is not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 10–27, Dkt. No. 13.) In many if not most respects, Matthew's objections are a restatement of his summary judgment arguments. The court agrees with the Commissioner's

observation that "Plaintiff's objection is that Magistrate Judge Ballou erred by not accepting the arguments in her brief." (Comm'r's Resp. to Pl.'s Obj. 1, Dkt. No. 22.) It is not necessary for the court to address the exact same arguments raised before the magistrate judge. The court will, however, address the following objection.

Matthew argues that the ALJ erred by rejecting the opinion of occupational therapist Elizabeth McCoy, who opined that Matthew was not capable of sedentary work. The magistrate judge credited the ALJ's explanation that Ms. McCoy is not an acceptable medical source who can provide opinions, and her one-time evaluation was not consistent with the record evidence and Matthew's reported activities. (R. 20; R&R 15.) Matthew argued that the ALJ should have given controlling weight to the opinions of his treating physician, Dr. Clare Weidman, because Dr. Weidman's opinion is consistent with Ms. McCoy's occupational therapy evaluation. The magistrate judge considered this argument a "nonstarter" because "substantial evidence supports the ALJ's determination that Ms. McCoy's opinion also deserves little weight. The ALJ correctly noted that an occupational therapist is not an acceptable medical source who can provide medical opinions, and so he considered her evidence as that from an 'other source.'" (R&R 26 (citing R. 20; 20 C.F.R. § 404.1513).)

According to Matthew, while an unacceptable medical source cannot render opinions as to the severity of an impairment, an unacceptable medical source can render opinions regarding RFC limitations. Thus, Matthew claims that the R&R erred in concluding Ms. McCoy cannot provide opinions on functional limitations. *See Hitchens v. Colvin*, No. 7:13-CV-40-FL, 2014 WL 6977765, at *18 (E.D.N.C. Dec. 9, 2014) ("[O]pinions from other health care providers who are not acceptable medical sources provide valuable evidence, which the [ALJ] must consider, on such issues as impairment severity and functional limitations.") (citing 20 C.F.R. §

4

404.1513(d); SSR 06-03, 2006 WL 2329939). Contrary to Matthew's objection, the magistrate judge did not find that a non-acceptable medical source such as Ms. McCoy cannot render an opinion on functional limitations. Instead, the magistrate judge credited the ALJ's explanation that Ms. McCoy's "conclusion that Matthew could not perform even sedentary work was inconsistent with the medical evidence showing consistent findings of mild abnormalities with tenderness, range of motion, and sensory functioning." (R&R 26 (citing R. 20).) Additionally, "her opinion is inconsistent with Matthew's own reported activities, such as going fishing and taking vacations requiring a lot of walking." (*Id.*) Therefore, the magistrate judge correctly found that substantial evidence supports the ALJ's determination to give Ms. McCoy's opinion little weight, and the magistrate judge did not commit the legal error ascribed to him by Matthew.

### III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Matthew's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Matthew's motion for summary judgment.

An appropriate order will be entered.

Entered: September 12, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge